JOHN L. BURRIS, ESQ.   CSB#69888
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, CA  94621-1939
Tel: (510) 839-5200
Fax: (510) 839-3882
E/M: John.Burris@JohnBurrisLaw.com

Attorneys for Robert James Asberry II (plaintiff)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO--OAKLAND)

| | |
|---|---|
| ROBERT JAMES ASBERRY II,<br><br>             Plaintiff,<br><br>vs<br><br>BAY AREA RAPID TRANSIT,<br>DISTRICT; and DOES 1 –15,<br>inclusive,<br><br>             Defendants.<br>------------------------------------/ | CIVIL NO.<br><br>COMPLAINT FOR DAMAGES<br>(CIVIL RIGHTS VIOLATION)<br><br><br><br>**JURY TRIAL DEMANDED** |

JURISDICTION

1.      This action arises under Title 42 of the United States Code, Section 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Section 1331 and 1343.  The Northern District is the proper venue in that all the acts complained of occurred in the City of San Bruno, California, which is within this judicial district.  Plaintiff requests the Court exercise jurisdiction over pendent state

claims and causes of action under Title 28 of the United States Code, Section 1367. With respect to state causes of action, Plaintiff has filed suit within the time periods prescribed by California Government Code §§ 911.2 and 945.6. The requisite claim was filed on July 29, 2014, within six months of the incident underlying the claim and that claim was rejected on September 12, 2014. Each and all of the administrative requirements precedent to bringing suit against these defendants and upon the causes of action set forth herein have been fulfilled.

## PARTIES

2. Plaintiff ROBERT JAMES ASBERRY ("ASBERRY" or "Plaintiff") is, and at the time of the incident related herein was, a natural person, a citizen of the United States, and a resident of the State of California.

3. Plaintiff alleges that the BAY AREA RAPID TRANSIT DISTRICT ("BART") is a governmental entity subject to suit pursuant to 42 U.S.C. § 1983 and Monell vs Dept. of Social Services, 436 U.S. 658 (1978).

4. Defendants named as DOE were at all times mentioned herein employed by defendant BART and are sued in their official capacities as police officers for defendant and as individuals acting in a personal capacity. In engaging in the conduct described herein, while said defendants acted under the color of law in the course and scope of their employment, they exceeded the authority vested in them by the United States Constitution and by BART.

5. Plaintiff is ignorant of the names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein, as DOES 1 through 15, inclusive and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

1  Plaintiff is informed and believes and thereon alleges that each of the fictitiously
2  named defendants is responsible in some manner for the occurrences herein alleged,
3  and that plaintiff's damages herein alleged were proximately caused by such
4  defendants.
5
6        6.    Plaintiff is informed and believe and hereon alleges that at all times
7  mentioned, defendants, including those defendants sued as "DOE", and each of them,
8  were the agents and employees of each of the other defendants, and in doing the
9  things hereinafter alleged were acting within the scope of their authority as such
10 agents and employees, and with the permission and consent of each other.
11
                        STATEMENT OF FACTS
12
13       7.    Plaintiff hereby incorporates paragraphs 1 through 6 by reference, as
14 though the allegations therein were realleged at length and in full.
15       8.    This case involves unlawful use of force against Plaintiff, an African
16 American. On January 29, 2014 at approximately 10:05 p.m., plaintiff was a passenger
17 on a train operated by BART. When the train arrived at the San Bruno BART station,
18 several BART police officers (DOES 1-10) entered the car in which Plaintiff was
19 seated and verbally confronted Plaintiff. Plaintiff was unable to understand or respond
20 to the officers' questions and, having stood up initially, sat down. Without warning,
21 one of the BART officers deployed his tazer, shocking Plaintiff. When Plaintiff fell to
22 the floor of the train two other BART officers tazed him. Plaintiff was placed in
23 handcuffs on the floor of the train. Shocked and paralyzed Plaintiff was immobile and
24 unable to respond when one of the officers yelled, "If you don't get on your stomach
25 we are going to taze you again!" That officer then yelled, "Taze him! Taze him!", and
26
27
28

further shocks were administered. Plaintiff was taken into custody and transported to Peninsula Hospital in Redwood city, treated for his injuries and arrested

9. Plaintiff had not done anything justifying interference with his freedom to travel freely. He was stopped on a public conveyance, assaulted and subjected to the use of tazers in the presence of other passengers, handcuffed and taken away by the BART officers. All these constitutional violations occurred when he had not committing, and was not suspected of committing, a criminal offense justifying the use of force.

## DAMAGES

10. Plaintiff ASBERRY, as a proximate result of defendants' conduct, suffered severe emotional distress, anxiety, embarrassment, and loss of his sense of security, dignity, and pride as an African-American as a result of the unlawful detention and use of force. Plaintiff feared for his life and safety during this racially motivated sequence of events. He was harmed by the officers' outrageous conduct amounting to racial profiling and battery.

11. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law and is therefore entitled to an award of all attorneys' fees incurred in relation to this action for violation of his civil rights.

### FIRST CAUSE OF ACTION
Violation of 42 U.S.C. § 1983
(Defendants DOES 1 – 15, inclusive)

12. Plaintiff hereby incorporates paragraphs 1 through 11 by reference, as though fully set forth herein.

13. In doing the acts complained of herein, defendants acted under color of law to deprive plaintiff of certain constitutionally protected rights, including, but not

1  limited to the right not to be deprived of liberty without due process of law, the right to

2  travel freely and the right to be free from unlawful seizure.

3      14.     As a proximate result of defendants' wrongful conduct, plaintiff suffered

4  injuries and damages as set forth herein.

5      WHEREFORE, Plaintiff prays for relief as set forth herein.

### SECOND CAUSE OF ACTION
Violation of 42 U.S.C. § 1983
(Defendant BAY AREA RAPID TRANSIT DISTRICT)

15.     Plaintiff hereby incorporates paragraphs 1 through 14 by reference, as though fully set forth herein.

16.     Defendant BAY AREA RAPID TRANSIT DISTRICT was, prior to the incident giving rise to this complaint, given notice of a pattern of ongoing constitutional violations and unlawful practices constituting racial profiling and unlawful use of force, and likely continuance of same by its police officers. Said practices have resulted in, and continue to result in injury to citizens. Despite this notice, defendant BAY AREA RAPID TRANSIT DISTRICT demonstrated deliberate indifference to this pattern of practices by failing to take necessary and appropriate measures, including retraining and discipline, to insure that its officers did not continue to engage in such misconduct and that they reported such misconduct when it occurred. This lack of an adequate supervisorial or executive response by defendant BAY AREA RAPID TRANSIT DISTRICT demonstrates the existence of an informal custom or policy, which tolerates the continued violation of civil rights of citizens by its officers acting under the color of law. The acts of the individual defendant officer were foreseeable and proximate results of that indifference.

17. As a proximate result of defendants' wrongful conduct, plaintiff suffered injuries and damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### THIRD CAUSE OF ACTION
California Civil Code §52.1(b)
(Defendants DOES 1-15, inclusive)

18. Plaintiff hereby incorporates paragraphs 1 through 17 by reference, as though fully set forth herein.

19. The conduct of defendants, as described herein, interfered with plaintiff's enjoyment of his rights under the constitution of the state of California, including his right to be free from violence or the threat of violence. Under the provisions of the Civil Code, defendants are each liable for exemplary damages and for twenty-five thousand dollars ($25,000) in addition thereto for each offense, and for the payment of plaintiff's attorney fees.

20. As a proximate result of defendants' wrongful conduct, plaintiff suffered violations of his constitutional rights and sustained damages.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### FOURTH CAUSE OF ACTION
Intentional Infliction of Emotional Distress
(Defendants DOES 1-15, inclusive)

21. Plaintiff hereby incorporates paragraphs 1 through 20 by reference as though fully set forth.

22. Defendants knew, or had reason to know that their conduct would cause plaintiff severe emotional distress and it did in fact cause plaintiff extreme emotional and mental anguish and humiliation.

23. The aforementioned acts of the individual defendants were willful, wanton, malicious and oppressive and undertaken with conscious disregard of the rights of plaintiff entitling plaintiff to exemplary and punitive damages in an amount appropriate to punish or set an example of defendants for the public good.

WHEREFORE, Plaintiff prays relief and judgment as set forth herein.

### FIFTH CAUSE OF ACTION
False Imprisonment/Illegal Detention
(Defendants DOES 1-15, inclusive)

24. Plaintiff hereby incorporates paragraphs 1 through 23 by reference as though fully set forth.

25. Defendants restrained plaintiff, without just cause, by handcuffing him in the BART train and subsequently arrested him without cause to justify their use of force.

26. The aforementioned acts of defendants was willful, wanton, malicious and oppressive and undertaken with conscious disregard of the rights of plaintiff and entitle plaintiff to exemplary and punitive damages in an amount appropriate to punish or set an example of defendants for the public good.

27. Plaintiff has been required to retain counsel to redress the wrongful conduct by defendants alleged herein and is consequently entitled to an award of reasonable attorney's fees.

WHEREFORE, Plaintiff prays relief and judgment as set forth herein.

### SIXTH CAUSE OF ACTION
Battery
(Defendants DOES 1-15, inclusive)

28. Plaintiff hereby incorporates paragraphs 1 through 27 by reference as though fully set forth.

29. Defendants committed battery upon Plaintiff through their unwarranted use of force, placing him in handcuffs and moving him forcibly and against his will from the train. Plaintiff did not consent to any of these physical and harmful acts and these acts were not excused by circumstance or by law. This conduct caused plaintiff emotional distress.

30. The aforementioned acts of the individual defendants was willful, wanton, malicious and oppressive and undertaken with conscious disregard of the rights of Plaintiff entitling Plaintiff to exemplary and punitive damages in an amount appropriate to punish or set an example of defendant for the public good.

WHEREFORE, Plaintiff prays relief and judgment as set forth herein.

## JURY DEMAND

31. Plaintiff demands that a jury try this matter.

## PRAYER

WHEREFORE, plaintiff prays for relief as follows.

1. For special damages in an amount to be ascertained according to proof;

2. For general damages in the amount of $500,000;

3. For statutory penalties pursuant to California civil Code §52.1;

4. For punitive damages against the individual defendants, and those who may later be named, in an amount sufficient to punish their conduct and to set an example such that similar conduct is abated and/or deterred;

5. For reasonable attorney's fees;

6. For injunctive relief compelling BART to remedy illegal practices as alleged herein;

7. For costs of suit; and

```
1    8. For such other and further relief as the Court may deem just and proper.
2
3    Dated: March 12, 2015                    LAW OFFICES OF JOHN L. BURRIS
4
5                                             By: _____
                                                  John L. Burris, Esq.
6                                                 Attorneys for Robert James Asberry II
7
```